Good morning. It may please the Court. Nolan Clark on behalf of plaintiff appellant John F. Watkins is present here in the courtroom. Yes. Before we get into the merits of the argument, maybe we could get an answer from each of you about the question we asked. It's correct that three capsule is an acquittal, three a conviction and three hung juries. Four acquittals, five hung, three convictions. OK. And I guess you can't answer the next question, which is whether we're through with a hung counsel, whether the county knows whether it plans to reprosecute this. I want one second. Well, maybe we'll get the answer. Thank you. And I'm really not in a position to think you ought to state your parents. I'm sorry. James Seaport on behalf of San Bernardino County District Attorney's Office. I'm not really in a position to be able to answer that question either. At the time that the verdicts were rendered in the trial court, the plaintiff, Mr. Watkins, reserved July 9th for a hearing on his motion for new trial. Depending upon the outcome of that motion would then factor into whether or not there would be continued prosecution on the hung counts. How long would it take you to make a decision in the normal, without holding you? Let's suppose the new trial is denied so it stands as is. Then how long would you estimate it would take before you'd know whether or not you were going to proceed? We would know probably within five days. Mr. Watkins has a right to be tried on the hung counts within two weeks of that July 9th date. Under California law, 60 days from the date that the jury was determined to be hung. And as I said, that runs two weeks prior. All right. Would you both advise us as soon as anything happens in the case, whether the new trial motion is granted, denied, and what decision is made about further prosecutions? Certainly, Your Honor. Thank you. Now, I assume we're talking about an injunction case here. You brought a case to enjoin the prosecution. The jury has done what it has done. If the jury had either convicted or acquitted, the case would be moved. This case would be moved. This case is clearly moved with regard to the ones that have been acquitted. Okay. With regard to the ones that have been convicted or the ones that's hung, it's not. With regard to the ones that have been convicted, it would be necessary to amend the complaint in order to accomplish the effective relief. But the complaint is sufficiently broad enough, and the statutory authority and the constitutional power is there such that the Court could grant effective relief notwithstanding a jury verdict of guilt. Well, that seems like a tall order at the court of appeals level, isn't it? How are you going to accomplish an amendment of the complaint here? It would have to remand the – it would have to be remanded to the district court with instructions to allow it to be remanded. And what is the authority that would compel a remand from us? If the Court determines, as we have argued, that the motion to dismiss is improperly We had moved for a temporary restraining order. We asked this Court for it. It was denied. We asked the Supreme Court for it. It was denied. This Court, having reviewed the merits of the appeal itself, can also look at the record and decide there's sufficient for a temporary restraining order and can prevent the effects of the adverse jury verdict going into effect pending the trial in the district court as to the merit of the claim. But once it's gone to conviction, the whole panoply of appeals from the conviction go into place. There are plenty of opportunities to test the validity of the conviction, are there not? That is certainly true. The question is, however, when a – someone has been unconstitutionally prosecuted in violation of the Civil Rights Act as a bad faith prosecution or deprivation of effective counsel, and a suit is timely brought in the district court to enjoin that, and that's improperly denied, is it appropriate, then, for the Court to proceed to the merits of that case and determine whether that was an unconstitutional trial, and if it was an unconstitutional trial, whether, then, to order the effects being undone? I'd be very reluctant to get in the middle of this while this case – now, we're talking about a case that is still an active case within the California system. I can understand that. Shouldn't we let that play out, and then we'll see? Because I assume you can raise these same constitutional issues in that appeal, can you not? I'm not entirely clear whether we can raise them all or not. One of the questions – you know, we have – we've raised the questions whether we should – probably required to go to trial, and those we lost in – on the court – on the State court levels. We raised those same questions. On an abstention determination. Well, we brought the writs in the State court system to try to stop the trial. Oh, yeah, yeah, yeah, okay. And then we came in here and the Federal court lost on abstention counts. Right. Well, you may or may not, on appeal, raise the question of whether it was an improper prosecution or a prosecution for an improper motive. We will raise anything that we can raise on appeal. I did not try the court, so I can't speak with firsthand knowledge on the record of that proceeding. I hope all the issues are raised that we can be brought, but I cannot be certain of that, because there may be difficulties of raising some of the issues of unfair. You know, normally, you would say you would wait – once there's a conviction, you would wait for the State court to determine what to do about it, and then have a – some kind of an action which would require setting aside the conviction. Maybe a habeas at some point. But if the theory is that it doesn't matter whether he's guilty or not, that you still have a cause of action, and that's one of your theories, that whether he's guilty, whether he's convicted or not, there's still a violation in prosecuting him for retaliation, then it's not as clear how the ordinary rules would apply. But I would suspect that it would make sense, as Judge O'Scanlan says, to wait and see whether the case becomes moot by virtue of the appeals in the State court. You've already suffered what you didn't want to suffer, which is going through a trial. Now, you're not a lot better off having appeals in the Federal court than in the California courts, and it may moot the Federal question. Now, there will be – there can be additional injury which may prove to be irreparable. That is, the State bar of California may prevent John Franklin Washington from practicing law as a result of a trial which constitutionally was infirm and should never have taken place, and a district court could enter a temporary restraining order from the State bar from having that go into effect. Now, that would clearly take – the State bar is not a defendant. No. We have to amend the complaint and bring them in. We have Doe's asked to, as Doe's named, as necessary to effect – accomplish effective relief. And so the amendment could be – they could be brought in as Doe amendments to get effective relief. That kind of – that adverse effect is still there, and it's not moot with regard to that. And that issue is the one that's directly raised here with this unconstitutional – with an unconstitutional trial. Kennedy. Do you know what the – does the State bar take action on the verdict, or does it wait until the judgment is final? The action – under the State law, there is automatic – I think it's disbarment on a conviction for a crime of moral turpitude. Right. If there is a conviction pending appeal, they may – they have the authority and they may well suspend someone from practicing law during that interim. Okay. And that could be an adverse effect, a very detrimental adverse effect on the plaintiff and appellant in this case. Counsel, I'm still troubled by whether there is any basis for this case going forward now that the jury has reached its determination, because you are asking for an injunction against prosecution. Now, you still have the hung jury issue. I understand that. But with respect to even the convicted accounts, isn't – hasn't that been mooted? So far as the – I'm talking about now the narrow claim that you make in this case. You have asked for an injunction against that prosecution. The prosecution has come and gone. Doesn't that moot your claim here? That type of relief, the request for that type of relief is moot. But we've also asked, as typical, for any other relief as appropriate. You know, I can't quote the quote right now, but it was – yes, there are – It was never just and proper. You didn't seek damages. Not in this case, because it could not properly recover damages against the named defendant. Okay. So all we're talking about – you probably asked for declaratory relief also. Yes. I believe so anyway. The hung jury counts. The – why do you think that the equitable relief you've asked for isn't mooted? Assume the trial's over. Assume we don't have these hung counts. I've said that the request for relief to enjoin the trial from going forward, that request is moot. All right. What request isn't moot? Well, if the defendant gets permitted to amend the complaint, to ask them to stay – first on a temporary basis, to stay the enforcement of the proceeding and to stay the adverse effect of it until the district court tries the case. And so the – That raises a separate question of whether you can do that at this stage, and I guess we'll have to take a look at that. Yes. Okay. Now, I would suggest that we should be permitted to go back to district court and amend to do that. Did these things happen after the complaint was filed? I think – do you want to save your last minute for a while? I'll save the one last minute. Thank you. Good morning, Your Honors. As I said, James Seaport on behalf of the San Bernardino County District Attorney's Office. The issue before the Court today is a very narrow one. There's no contest as to whether or not the Federal court had jurisdiction in this case. Clearly, it did under 1331 and 42 U.S.C. 1983. There should be no issue regarding whether or not the doctrine of abstention under Younger would apply to this case. This was a criminal prosecution. This is an important state interest. And procedurally, the plaintiff has the ability to raise his Federal civil rights within the state appellate systems, the state court systems. The issue that we're focused on is an even narrower issue. And that is, is there an exception to the Younger doctrine which would have allowed the district court or through which the district court would have been allowed to ignore the doctrine of Younger and issue an injunctive relief? And the position that is espoused by the appellant is that no such exception exists. If you take a look at the cases that were cited in our brief, you begin to see a pattern of the type of abuse that the courts are looking for before an injunction will be issued. An example is in Dombrowski, where you had freedom of speech, freedom of association, threat of criminal prosecution because of a belief, and the political positions that were held by the defendants in that case. You have the egregious case of Graham versus Graham, the city of Phoenix, where the mayor and the police continued investigations, arrests, and attempted prosecutions of individuals where the state court had held that their practices violated the federal constitution, where there had been acquittals of these defendants, where the cases had been dismissed, tossed out of court. And even in light of those state court rulings, the government continued to act. You don't have that here. This is a single prosecution of one individual. There was no infringement upon his freedom of speech. There was no infringement on freedom of association. There was no blanket suppression of the civil rights as occurred in Dombrowski. Why isn't there a serious, you say no freedom of speech or freedom of association, clearly not in the sense of Dombrowski, but if we accepted the allegations that this was targeted at this lawyer because he was making trouble for the city, city officials and the like, and prosecuting him for a crime certainly interferes with whatever right to do business is encompassed in freedom of association and speech. You can, as counsel just said, if this is sustained, there's a high probability, or at least a serious risk, that his ticket to practice law will be pulled. Why isn't that a make it a serious enough offense, or if in fact it is all brought in bad faith to essentially put him out of business and harass him? Seek retribution for his having initiated the underlying lawsuit. The answer to that, I believe, is best given in the light of Dombrowski. Where you had in the 1950s a group of people who believed that the, who were members of the Communist Party and believed in the principles that communism espoused. The problem with that was that the prosecution, especially in those times, the prosecution, the mere mention of the fact that you were a communist had such a chilling effect. Well, I understand. I know what Dombrowski was about. My question goes to, is that the benchmark then, or why isn't this? This case, I'm sorry, Your Honor. Well, I understand this isn't Dombrowski. This case is different. What is occurring in this case is not an infringement on his ability to speak. What has happened here is that he is now being held accountable for the consequences of his actions. Well, that's a question. But isn't that in dispute? You're asserting that as if it were fact. Those are certainly allegations. But I don't know that we have to assume that that's controlling here. Well, actually, two points to that answer. The first is that Mr. Watkins was charged and subsequently convicted of perjury. We're not saying, and I don't believe there was an allegation here that was saying that the district attorney was attempting to prevent him from speaking as he would. What we're saying is that as a result of that speech, that providing a lie to the court, he now has to be held responsible for the consequences of it. And that goes also to the court. That's really not the answer. The answer is suppose it was not the only instance in which somebody committed perjury in San Bernardino County, but they singled him out for prosecution because they wanted to retaliate against him for exposing corruption in the district attorney's office or for filing lawsuits against the judges or for whatever kind of trouble he was making for the city, both by saying things and by filing actions. Now, it may be that he's guilty of perjury in some unrelated matter. But if the reason they prosecuted him was in order to retaliate, and therefore it was not – there are two different theories. One is it doesn't matter as long as you're guilty. The other is if the motive for the prosecution is not that they care that he committed perjury, but that they want to shut him up, send him away, teach people who expose corruption that it doesn't pay to do that in San Bernardino County. Then the question is, does that warrant an injunction against the prosecution? There are existing state remedies available to Mr. Watkins in that instance. Certainly, he was free to bring that up in his trial. He was free to bring that up in the pretrial motions, and he's going to be free to bring that up in the appellate system as this case winds its way up through the state courts. It doesn't necessarily mean that he's entitled to federal injunctive relief in this case. On that injunctive relief point, I assume you agree that this case is not moot with respect to the hung jury counts. It is with respect to the acquittals, obviously. What about the convicted counts? Isn't this case moot even with respect to them or not? This case being an injunctive suit. With respect to the convicted counts, yes, Your Honor. I believe it is moot with respect to those. The jury has already come back. He's already suffered the harm that he sought to, the alleged harm that he sought to prevent by trying to obtain the injunction. There is the ministerial act of the entry of judgment and pronouncement of sentence, and then, of course, the appellate rights that begin. But the jury has already spoken. The trial has concluded. And in the end, Mr. Watkins was convicted of those counts. I note that I have about a minute left. I would just like to call the Court's attention to what a couple of other Courts have said with regard to extraordinary relief, and I believe the wisdom of which is applicable here. First, the Supreme Court in Fenner told us in 1926 that the accused should first set up and rely upon his defense in the state courts, even though this involves a challenge to the validity of some statute, unless it plainly appears that this Course would not afford adequate protection. The Judicial Code provides ample opportunity for ultimate review here in respect of Federal questions. An intolerable condition would arise if, whenever about to be charged with violating a state law, one were permitted freely to contest its validity by an original proceeding in some Federal court. Subsequent to that time, with regard to a writ relief, which in the California appellate court system is an extraordinary relief, much like seeking an injunction here in Federal court, the California appellate court, in a rare glimpse of how it views the proceedings in writ cases, stated, Writ relief, if granted at the drop of a hat, would interfere with an orderly administration of justice at the trial and appellate revivals. Scalia. Well, let me assure you, we wouldn't do it at the drop of a hat. Roberts. Thank you, Your Honor. Scalia.  Your time has up, and thank you for the argument. If I can, I'd like to make a couple of brief points. First of all, with regard to the test for mootness, this Court's recent opinion in Chang v. United States decided on April 29, 2003, states, A case properly brought in the first instance is rendered moot when interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. That certainly hasn't happened. The Court concluded on mootness because this Court has the capacity to grant relief by and so on. This case is not moot. I submit this Court and the Court below have the power to grant effective relief and, therefore, it should not be considered moot and the adverse effects should be stayed pending the determination below. Second of all, I'd like to point out, if I may, I'd supplement the record by asking the Court to take judicial notice of an article on the Daily Journal in which a juror was quoted as saying, It was difficult to tell how much John Watkins actually knew about what was going on, but we did feel that, as an officer of the Court who was so close to his client, he had to have known some things. The prosecution chose not to try him under the counts for which, with objective evidence, he could have disproven his guilt. They did not try him on the larceny counts, on the money laundering counts, on the insurance fraud counts. Instead, they go against him on the soft counts, inviting for the jury to be asked to speculate, as this jury obviously did. This should be a basis for a new trial. But if a new trial is not granted, what relief does a John Watkins going to have for a trial that should never have taken place? This is unconstitutionally permissible. Thank you, Your Honor. Thank you, counsel. Thank you both very much. The case will be submitted. The Court will take a brief recess.
judges: Reinhardt, O'scannlain, Fisher